```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
CHANDRA MCKOY,                                              :
                                                            :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                                     Plaintiff,             :
                                                            :   17-cv-3398 (BMC)
            - against -                                     :
                                                            :
ALAN E. ULISS and ALAN E. ULISS M.D.,                       :
P.C.,                                                       :
                                                            :
                                     Defendants.            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is an action under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"), and its state law counterpart, the New York False Claims Act, N.Y. State Fin. L. § 187, *et seq.* ("NYFCA"), in which plaintiff claims that defendants Alan. E. Uliss ("Dr. Uliss"), an ophthalmologist, and Alan E. Uliss M.D., P.C. ("Uliss P.C."), a Professional Corporation owned by Dr. Uliss, terminated her in retaliation for her efforts to stop defendants' alleged fraudulent and unlawful conduct relating to improper billing practices.

Plaintiff initially sought to pursue a *qui tam* action, but after both the United States and New York State governments declined to intervene, plaintiff filed an amended complaint dropping the *qui tam* action and only asserting FCA and NYFCA retaliation claims. Plaintiff, who was fired from her position with defendants, seeks reinstatement to the position that she would have had but for defendants' retaliation, with all fringe benefits and seniority rights, back pay, and actual damages, plus attorneys' fees and costs. She also seeks an injunction against defendants prohibiting them from any further violation of the FCA.

Dr. Uliss has moved to dismiss plaintiff's amended complaint as to him under Federal Rule of Civil Procedure 12(b)(6) on the ground that neither the FCA nor the NYFCA provide for individual liability. He is correct, and his motion is granted.

## BACKGROUND

The following allegations are taken from plaintiff's amended complaint and are presumed true for purposes of this motion.

Plaintiff Chandra McKoy worked for Uliss P.C. as a medical biller for approximately fourteen months prior to being fired by Dr. Uliss. She alleges that Uliss P.C. fraudulently billed its patients for "each and every" ophthalmologic consultation attended. She also claims that Uliss P.C. regularly violated Medicare and Medicaid's legal requirements by submitting bills for reimbursement that either: (1) were for medical services that were never performed or unnecessarily performed; or (2) exaggerated the extent of services provided; or (3) charged certain services as "unbundled" services when they are required to be billed together. She claims that Dr. Uliss falsified records in order to cover up these practices, and that she was fired for trying to prevent him from continuing these fraudulent practices.

Plaintiff alleges that even though there were two doctors employed by Uliss P.C. – Dr. Uliss and another part-time doctor – all patients were billed under Dr. Uliss' name. Plaintiff claims that on numerous occasions, Dr. Uliss had instructed her to include false information on the patient's Health Care Financing Administration (HCFA) form, which is submitted to Medicare and Medicaid for reimbursement, but she refused to follow his instruction and filled out the form correctly. According to plaintiff, after she inputted the correct information into the HCFA form, Dr. Uliss would make fraudulent and illegal changes, certify that the information was true, and then instruct plaintiff to submit the altered HCFA forms for reimbursement.

Further, plaintiff claims that Dr. Uliss falsely certified to Medicare that Uliss P.C. was fully compliant with Medicare's Electronic Health Record ("EHR") incentive program, but in reality he was only using this program for approximately half of his patients.

Plaintiff claims that she told Dr. Uliss on numerous occasions that what he was doing was wrong and that, despite his instructions to the contrary, she always refused to falsify records as Dr. Uliss had desired. Plaintiff also claims that she frequently argued with Dr. Uliss about his false certification of compliance with Medicare's EHR program.

As a result of plaintiff's complaints, in early November 2014, Dr. Uliss "froze her out" from any involvement in the EHR program and generally refused to talk to her. A few weeks later, Dr. Uliss called plaintiff into a meeting and fired her. Dr. Uliss did not criticize plaintiff's performance in the meeting. Rather, all that he said was he was "tired of billing on Sundays," which plaintiff alleges was a reference to Dr. Uliss having to alter and falsify the HCFA billing forms that plaintiff filled out correctly. Thus, plaintiff claims that she was fired due to her opposition and attempt to prevent Dr. Uliss from continuing his fraudulent billing practices.

## DISCUSSION

Dr. Uliss seeks to dismiss the complaint against him as an individual defendant. Dr. Uliss argues that plaintiff cannot state a retaliation claim against him personally because there is no individual liability for retaliation under § 3730(h) of the FCA or § 191 of the NYFCA; only employers may be held liable for retaliation claims. Therefore, according to Dr. Uliss, because Uliss P.C. is plaintiff's employer, only it may be held liable. Plaintiff disagrees, and advances the following arguments in support of her claim that Dr. Uliss may liable in this case: (1) Dr. Uliss may be personally liable because the 2009 amendments to the FCA imposed individual liability on employees for retaliation; and (2) alternatively, even if the Court finds that there is no

3

individual liability for retaliation, Dr. Uliss may still be liable because he qualifies as an employer under the FCA. According to plaintiff, because Dr. Uliss dominated and controlled Uliss P.C. and hired, supervised, and fired plaintiff, both Dr. Uliss and Uliss P.C. were plaintiff's employer.

Dr. Uliss is correct that there is no individual liability for retaliation under § 3730(h) or § 191. See Krause v. Eihab Human Servs, Inc., No. 10 CV 898, 2015 WL 4645210, at *1 (E.D.N.Y. Aug. 4, 2015) ("Courts in this Circuit have repeatedly held that there is no individual liability under the FCA and the New York FCA."); Monsour v. N.Y. State Office for People with Developmental Disabilities, No. 1:13-CV-0336, 2014 WL 975604, at *10 (N.D.N.Y. March 12, 2014) ("[A]n individual may not be sued under § 3730(h) or Section 191, either in an individual or official capacity; liability may only be imposed on employers."); Aryai v. Forfeiture Support Assocs., 25 F. Supp. 3d 376, 387 (S.D.N.Y. 2012) ("[S]ection 3730(h) does not provide a cause of action against individual defendants . . . ."); Fisch v. New Heights Acad. Charter Sch., No. 12 CIV. 2033, 2012 WL 4049959, at *4 (S.D.N.Y. Sept. 13, 2012) ("Section 3730(h) imposes liability only on employers.").

Plaintiff's argument that an amendment to § 3730(h) in 2009 imposed individual liability on employees for retaliation is not persuasive. Prior to the 2009 amendment, § 3730(h) read as follows: "Any employee who is discharged . . . by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section . . . shall be entitled to all relief necessary to make the employee whole." In 2009, § 3730(h)(1) was amended to state:

> Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of

4

> lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop or more violations of this subchapter.

Plaintiff argues that the elimination of the phrase "discharged by an employer," means that Congress intended to impose individual liability on employees for retaliation.

The two district court cases that plaintiff cites in support of this argument – <u>Huang. V. Univ. of VA</u>, 896 F. Supp. 2d 524 (W.D. Va. 2012), and <u>United States ex rel Moore v. Cmty Health Servs., Inc.</u>, No. 09cv1127, 2012 WL 1069474 (D. Conn. March 29, 2012) – are outliers. The other district courts in this Circuit have explicitly rejected this argument. See <u>Aryai</u>, 25 F. Supp. 3d at 387 ("[T]he Court is not convinced that when Congress deleted the word employer from the statute Congress was expressing its intent to dramatically widen the scope of potential defendants in retaliation claims filed under the FCA.") (internal citations and quotation marks omitted); <u>Monsour</u>, 2014 WL 975604 *at 11 (explaining that the only case within the Second Circuit that found individuals liable because of the 2009 amendment contains a "one sentence analysis that has been rejected both within and outside the Circuit."). Moreover, many district courts in other circuits have also rejected this argument. See, e.g., <u>United States v. Kiewit Pac. Co.</u>, 41 F. Supp. 3d 796, 813-14 (N.D. Cal. 2014); <u>Perez-Garcia v. Dominick</u>, No. 13 CV 1357, 2014 WL 903114, at *5 (N.D. Ill. March 7, 2014); <u>U.S. ex rel. Abou-Hussein v. Sci. Applications Int'l Corp.</u>, No. CIV 09-1858, 2012 WL 6892716, at *3 (D.S.C. May 3, 2012), <u>aff'd,</u> 475 F. App'x 851 (4th Cir. 2012).

The reasoning in <u>Aryai</u> is persuasive. In that case, the court held that the 2009 amendment to § 3730(h) did not intend to impose individual liability on employees for retaliation because: (1) the primary purpose of the amendment was to expand the retaliation provision to cover contractors and agents, in addition to employees, and there is no indication that Congress

5

intended to expand the provision to also impose individual liability; (2) at the time of the amendment, courts had uniformly rejected individual liability under § 3730(h)(1), making it unlikely that Congress intended to overturn this precedent by mere negative implication; (3) in other anti-retaliation statutes where Congress intended to impose individual liability, it used the phrase "it shall be unlawful for any person [to engage in retaliation]" and Congress did not use that phrase in amending § 3730(h); and (4) the amendment did not change the remedies available for retaliation under the FCA, which include reinstatement. Aryai, 25 F. Supp. 3d at 386-87. I therefore reject plaintiff's argument.

I also reject plaintiff's alternative argument that Dr. Uliss may be liable as an employer under the FCA. "Because the FCA does not define the term 'employer,' it is given its ordinary common law meaning." Fisch, 2012 WL 4049959, at *4 (citing United States v. Texas, 507 U.S. 529, 534 (1993)). Here, Uliss P.C. was plaintiff's employer, not Dr. Uliss. "[I]t is the corporation only, not its officers, that is the employer of the corporation's employees." Id. (citing Meyer v. Holley, 537 U.S. 280, 286 (2003)). See also Tomka v. Seiler Corp., 66 F.3d 1295, 1313-17 (2d Cir. 1995) (finding that the word employer does not include a supervisor in his personal capacity for Title IV cases).

Plaintiff's argument that Dr. Uliss qualifies as her employer under New York common law because he controlled and dominated Uliss P.C. is meritless. The multi-factor test that plaintiff identifies, see, e.g., Griffin v. Sirva, Inc., 29 N.Y.3d 174 (2017), is irrelevant to whether Dr. Uliss would be considered an employer under New York law. That test, which focuses on control, is used to determine whether a particular worker is an employee or an independent contractor; it has no bearing on when, if ever, an employee of a corporation may also be

considered to be an employer. It therefore does not matter that Dr. Uliss is the only full-time ophthalmologist in the practice, or that he directly hired and fired plaintiff.

Indeed, the very purpose of forming a professional corporation is to avoid personal liability. See We're Assocs. Co. v. Cohen, Stratcher & Bloom, P.C., 478 N.Y.S.2d 670, 673 (2d Dep't 1984) ("[The] insulation from individual liability for corporate obligations is one of the fundamental purposes of operating through the corporate form."); cf. N.Y. Bus. Corp. L. § 1505 (imposing personal liability on a shareholder of a personal service corporation only for "negligent or wrongful act[s] or misconduct committed by him . . . while rendering professional services on behalf of such corporation"); Lichtman v. Estrin, 723 N.Y.S.2d 185, 188-89 (1st Dep't 2001) (holding that an attorney, as a shareholder of a professional services corporation, could not be personally liable for the professional corporation's termination of an associate because the termination was not committed in the course of the attorney's rendering of professional legal services on behalf of the corporation).

It would be one thing if plaintiff had alleged that Dr. Uliss abused the corporate form by, for example, comingling his assets with his corporation's assets, or failing to keep adequate books and records distinguishing between the two, or other criteria that courts use to determine alter ego liability or to pierce the corporate veil. See, e.g., ABN AMRO Bank, N.V. v. MBIA, Inc., 17 N.Y.3d 208, 235, 928 N.Y.S.2d 647, 663-64 (2011); see also Si v. Laogai Research Found., 71 F. Supp. 3d 73 (D.D.C. 2014). But all plaintiff has alleged is that Dr. Uliss controls his corporation. Of course he does. It is his corporation and he is the sole owner. And the corporation can only act through him because it has no physical existence. Nevertheless, the officers and directors of a professional corporation are just as entitled to the protection of the corporate veil as any other corporation. Cf. Lichtman, 723 N.Y.S.2d at 188 (holding that the

7

plaintiff could not pierce the corporate veil to hold a shareholder of a professional corporation personally liable because although the plaintiff alleged that the shareholder exercised "complete domination" of the corporation with respect to the contested transaction, the plaintiff did not allege that the shareholder was "actually doing business in his individual capacity, using the [professional corporation] as a mere device to further his personal rather than firm business.").

## CONCLUSION

Dr. Uliss's motion to dismiss the amended complaint as against him is granted.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
　　　　July 11, 2017